## SUBROGATION OF ONE DISCHARGING A MORTGAGE DEBT.

[Circuit Court of Greene County.]

ELLEN M. KNOX v. W. W. CARR ET AL.*

Decided, October 31, 1901.

*Liens—Judgment Lienor May Marshal—Though Prior Liens will Exhaust the Fund—Subrogation as to a Mortgage Debt—Paid to the Administrator of the Mortgagee.*

1. A judgment lienor may prosecute a suit to marshal liens and for sale of property, although prior liens will exhaust the fund to be derived from the sale.

* Affirmed by the Supreme Court without report (*Knox* v. *Carr*, 68 Ohio State, 575).

2. Where payment is made of a mortgage to the administrator of the mortgagee, and the one making the payment is a member of the household of the mortgagor, and holds a mortgage upon other real estate of the same mortgagor, and acts upon the advice of counsel, and believes she is obtaining security for the payment, and the administrator acts under the same belief, she is not a volunteer, but is entitled to be protected under the mortgage.

WILSON, J.; SULLIVAN, J., and SUMMERS, J., concur.

Appeal from Court of Common Pleas of Greene County.

This case comes into this court on appeal. We will simply state our conclusions without reviewing at length the evidence in the case, or arguments of counsel.

Ellen M. Knox brings an action to marshal the liens against the real estate of Wallace W. Carr, and sets out in her petition that she has a judgment which is a lien upon his real estate. This is not controverted. There was a contention in the early stages of the case that she had no right to prosecute this action, for the reason that there were other and prior liens which would exhaust the funds derivable from the sale of the lands. We think she had the right to prosecute the action, and for an order of sale of the premises described in the petition, and decree may be entered in her favor.

The main contentions in the case grow out of the cross-petition as filed by the different defendants.

The first one in order is upon the cross-petition filed by Emma Runyan, now represented by the supplemental cross-petition of Charles L. Spencer, setting out a mortgage executed in 1876, by Wallace W. Carr, upon the real estate in the petition described. The mortgage is admitted. The question is whether it is barred by the statute of limitations; and whether or not it is barred depends upon an alleged payment on the two notes secured by the mortgage, in 1894. If that payment was made, it is not barred; if it was not made, it is. We conclude from the testimony of Emma Runyan that that payment was made; therefore the claim upon the mortgage is not barred, and the party representing the mortgage in this action is entitled to recover upon the mortgage to the extent of $500, the amount paid by him for the claim—he not claiming a right to recover more than that against the principal defendant, Wallace W. Carr, who was

his client.  A decree may be entered in his favor for the sum of $500, with interest from the date of the payment of the money. It is not necessary, in that view of the case, to determine whether or not the plaintiff has the right to interpose the plea of the statute of limitations, or whether or not Wallace W. Carr has, at this time, the right to withdraw his plea of the statute of limitations.

The next claim in order is under what is known as the Jobe mortgage.  The claim under this mortgage is made by Alice S. Totten, and the defendant Charles L. Spencer.

We are of the opinion that Mrs. Totten is entitled to be subrogated under this mortgage to the rights of the administratrix. She at the time of the transaction, which is disclosed in the evidence, was a part of the household of the mortgagor, she and her daughter living with him.  She had a mortgage claim against the defendant, Carr, secured upon other real estate. It might become a claim against the real estate which was included in this mortgage, if her security was not sufficient to satisfy it.  She paid this money, understanding she was investing it; she did it under the advice of counsel; she thought she took security for it; the administratrix thought she was giving her security for the payment.  Under this state of facts she is not a volunteer.  She brings herself clearly within the doctrine of the case of *Miller* v. *Stark*, 61 Ohio St., 413.  Indeed, her case is stronger than was the case of Miller as there reported. And she is entitled to be protected under this mortgage, not by virtue of the assignment of the order of sale to her, or by virtue of the assignment of the mortgage and the notes to her, but by reason of the fact that she paid the money under the circumstances that she did; so that her rights are entitled to be protected under that mortgage.  This includes the right of Mr. Spencer to recover upon the $241 note, which is, in fact, payment by her, under the circumstances of the case, upon this mortgage.

The next claim is that of Alice S. Totten against Wallace W. Carr, upon her mortgage.  The defense to this is payment.  The court is not impressed that the circumstances and facts disclosed with reference to the family arrangement between these par-

ties amounted in equity to a payment of any part of her claim. We think she is entitled to recover upon her mortgage.

Antedating all these claims is the claim of Charles L. Spencer for taxes. That claim is conceded, so that in the decree the claims of the parties will stand in this order:

First, the right of Mr. Spencer to recover his taxes; second, the right of Mr. Spencer to recover under his supplemental cross-petition, $500 and interest; third, the right of Alice S. Totten and Mr. Spencer to recover what they paid out under the Jobe mortgage; fourth, the right of Alice S. Totten to recover the amount still due upon her mortgage against Wallace W. Carr; and, fifth, the right of Ellen M. Knox to recover upon her judgment against the property.

The costs will be paid out of the proceeds of the sale of the real estate.

*George Arthur, Horace L. Smith* and *John B. Knox,* for plaintiff.

*Little & Spencer* and *Charles H. Kyle,* for defendants.